UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X

AVRAHAM D SCHWARZMER,

Plaintiff,
-against-

CITIBANK and BEST BUY CREDIT SERVICES,

Defendant(s).

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff AVRAHAM D SCHWARZMER ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants CITIBANK and BEST BUY (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from relief arising from the Defendant's violation(s) of Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2.      Defendants are subject to, and required to abide by, the laws of the United States and the States of New York and Minnesota, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.      Plaintiff AVRAHAM D SCHWARZMER is a resident of the State of New Jersey, residing at 43 10th St, Apt 9, Lakewood Township, New Jersey 08701.

4.      Defendant Citibank has its Corporate Headquarters at 399 Park Avenue New York, New York 10043.

Defendant BEST BUY CREDIT SERVICES has its Headquarters at 7601 Penn Ave S, Richfield, MN 55423.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On November 1, 2015 at 4pm, Plaintiff placed a telephone call to Best Buy Credit Services.

9. The call was transferred automatically to Defendant.

10. Plaintiff spoke to Vicky. He requested an extension on his current bill and Vicky asserted his account was in good standing and she would be able to arrange this extension.

11. At 3:47 minutes into the call, Plaintiff requests discontinuation of auto-dialed calls from Best Buy.

12. Defendant asks if auto-dialer calls are to his cell phone. Plaintiff confirms calls are to his cell phone.

13. At 4:33 minutes into the call, Vicky confirms she would be changing the calls to only receive from the Plaintiff.

14. At 5:02 minutes into call, confirms a second time that she was changing the calls to only receive from the Plaintiff.

15. At 5:13 minutes into call, Defendant requests Plaintiff to call when is able to set up payment.

16. Defendant's telephone calls totaled 25 before Plaintiff requested discontinuation of automated phone calls on November 1, 2015.

17. Despite Plaintiff's request, Defendant continued to receive auto-dialed telephone calls from Defendant after only 7 days of relief from said calls.

18. Defendant's auto-dialed telephone calls amounted to one thousand and one calls (1001) calls.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Defendant's auto-dialed telephone calls to Plaintiff were for the purposes of debt collection.

## SECOND CAUSE OF ACTION
### (Violations of the TCPA)

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or

pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.  See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio

service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant caselaw that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

23. With the autodialed calls to Plaintiff's telephone commencing on or about September 2015 and continuing at a rate of approximately one thousand and one (1001) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

24. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least one thousand and one (1001) times to date and calls are still ongoing.

25. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged by harassment under New Jersey Statute § 2C:33-4 and is therefore entitled to damages in accordance with the TCPA.

26. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these

considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) Voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) A financial institution must honor opt-out requests immediately."

27. Defendants are in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

28. Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

### THIRD CAUSE OF ACTION
### (Violations of the New Jersey State Penal Code)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Under New Jersey Statute § 2C:33-4. Harassment, Subsection a. states that "a person commits an offense if, with purpose to harass another, he or she: Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;"

31. Defendants intentionally engaged in harassment of Plaintiff with autodialed telephone calls at a rate of two (2) per day, continuing long after Plaintiff requested that they cease.

## DEMAND FOR TRIAL BY JURY

32. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B. A declaration that the Defendant's practices violated the TCPA;

C. A declaration that the Defendants' practices violated NJ Statute Section 2C:33-4.

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     August 16, 2016

Respectfully submitted,

_____
Edward B. Geller, Esq.(EG9763)
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiff*
AVRAHAM D SCHWARZMER

To:    CITIBANK
399 Park Avenue
New York, New York 10043

BEST BUY
7601 Penn Ave S
Richfield, MN 55423

(*Via Prescribed Service*)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)