IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVRAHAM D. SCHWARZMER,<br><br>    Plaintiff,<br><br>v.<br><br>CITIBANK and BEST BUY CREDIT SERVICES,<br><br>    Defendants. | CIVIL ACTION NO. 3:16-cv-5169-FLW-LHG |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Citibank, N.A. ("Citibank") and Best Buy Credit Services ("Best Buy," and together with Citibank, "Defendants"),[1] by and through their undersigned counsel, hereby answer the Complaint of plaintiff, Avraham D. Schwarzmer ("Plaintiff") as follows:

### AS TO "INTRODUCTION/PRELIMINARY STATEMENT"

1.   This paragraph of the Complaint sets forth only conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations set forth in this paragraph of the Complaint, except to admit only that Plaintiff purports to base his lawsuit on the Telephone Consumer Protection Act ("TCPA"), among other claims.

2.   This paragraph of the Complaint sets forth only conclusions of law to which no response is required.

---

[1] There is no separate entity by the name "Best Buy Credit Services," and the credit card account here at issue is issued and serviced by Citibank, not Best Buy. Citibank is answering the complaint on behalf of all named defendants, including "Best Buy Credit Services," solely in order to avoid unnecessary default proceedings.

## AS TO "PARTIES"

3.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

4.     Denied.

## AS TO "JURISDICTION AND VENUE"

5.     This paragraph of the Complaint sets forth only conclusions of law to which no response is required.

6.     This paragraph of the Complaint sets forth only conclusions of law to which no response is required.

## AS TO "FACTUAL ALLEGATIONS"

7.     Defendants incorporate by reference their responses to the previous allegations set forth in the Complaint, as if set forth fully herein.

8.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

9.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

10.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

16. Denied.

17. Denied.

18. Denied.

## AS TO "FIRST CAUSE OF ACTION"

19. Defendants incorporate by reference their responses to the previous allegations set forth in the Complaint, as if set forth fully herein.

20. This paragraph of the Complaint sets forth only conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph of the Complaint. Responding further, Defendants state that they are not debt collector and, therefore, the FDCPA does not apply in this case.

## AS TO "SECOND CAUSE OF ACTION"

21. Defendants incorporate by reference their responses to the previous allegations set forth in the Complaint, as if set forth fully herein.

22. This paragraph of the Complaint sets forth only conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the Complaint.

23. Denied. Defendants specifically deny the allegation that they utilized an automatic telephone dialing system to call the subject telephone number.

24. Denied.

25. Denied.

26. This paragraph of the Complaint sets forth only conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph of the Complaint.

27. Denied.

28. Denied.

## AS TO "THIRD CAUSE OF ACTION"

29. Defendants incorporate by reference their responses to the previous allegations set forth in the Complaint, as if set forth fully herein.

30. This paragraph of the Complaint sets forth only conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set

forth in this paragraph of the Complaint. Defendants specifically deny that Plaintiff has standing to assert any claim under N.J.S.A. 2C:33-4.

31.  Denied. Defendants specifically deny the allegation that they utilized an automatic telephone dialing system to call the subject telephone number.

## AS TO "DEMAND FOR TRIAL BY JURY"

32.  Defendants do not concede that Plaintiff is entitled to a trial by jury.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and against Plaintiff, dismiss with prejudice Plaintiff's Complaint, and award Defendants reasonable attorneys' fees and costs of suit, together with such other relief as the Court may determine appropriate.

## **AFFIRMATIVE DEFENSES**

1.  The Complaint fails to state a claim upon which relief may be granted.

2.  Plaintiff's claims are subject to binding arbitration pursuant to the arbitration agreement contained in the terms and conditions governing Plaintiff's credit card account. Defendants reserve their rights to compel arbitration pursuant to the applicable agreement agreed to by Plaintiff.

3.  Defendants are not debt collectors under the FDCPA.

4.  Plaintiff's claim under N.J.S.A. 2C:33-4 is not cognizable and Plaintiff lacks standing to bring any such claim.

5.  Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, release, and waiver.

7. Any injury that Plaintiff may have suffered, such being denied, was not as a result of any conduct on the part of Defendants.

8. Defendants' actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

9. Any purported damages suffered by Plaintiff were caused in whole or in part by the actions or omissions of third parties over whom Defendants have no control, authority, or responsibility and the conduct of said third parties constitutes an intervening or superseding cause of Plaintiff's alleged damages, if any.

10. At all relevant times, Defendants acted in good faith and with due diligence toward Plaintiff.

11. Plaintiff consented to receive any telephone calls at issue.

12. Plaintiff did not revoke consent to receive calls.

13. Alternatively, any purported revocation of consent by Plaintiff was ineffective.

14. If the TCPA was violated, the same being specifically denied, the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15. Plaintiff has not suffered any injury.

16. Plaintiff lacks Article III standing.

17. Plaintiff is not entitled to the damages sought in the Complaint.

18. Plaintiff is not entitled to recovery of attorney's fees or costs of suit in this matter.

19. If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts or omissions.

20. Plaintiff failed to mitigate damages.

21. Plaintiff's damages claim under the TCPA is barred due to an absence of any actual damages. Hence, any statutory damages are an excessive fine and violate Defendants' rights under the Due Process and Takings Clause of the United States Constitution and/or applicable state constitutions.

22. Plaintiff's claims are subject to off-set based on amounts due and owing to Defendants.

23. Defendants reserve the right to amend their Answer to add additional defenses as upon revelation of additional facts through investigation and discovery.

WHEREFORE, Defendants respectfully request that the Court enter judgment in its favor and against Plaintiff, dismiss with prejudice Plaintiff's Complaint, and award Defendants reasonable attorneys' fees and costs of suit, together with such other relief as the Court may determine appropriate.

DATED:  October 14, 2016         /s/ Christopher N. Tomlin
　　　　　　　　　　　　　　　　Daniel JT McKenna, Esquire
　　　　　　　　　　　　　　　　mckennad@ballardspahr.com
　　　　　　　　　　　　　　　　Christopher N. Tomlin, Esquire
　　　　　　　　　　　　　　　　tomlinc@ballardspahr.com
　　　　　　　　　　　　　　　　BALLARD SPAHR LLP
　　　　　　　　　　　　　　　　210 Lake Drive East, Suite 200
　　　　　　　　　　　　　　　　Cherry Hill, NJ  08002
　　　　　　　　　　　　　　　　T: 856.761.3400
　　　　　　　　　　　　　　　　F: 856.761.1020

　　　　　　　　　　　　　　　　*Attorneys for Defendants*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, Christopher N. Tomlin, hereby certify that the above matter is not, to the best of my knowledge, the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

DATED: October 14, 2016
/s/ Christopher N. Tomlin
Christopher N. Tomlin, Esquire
tomlinc@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002
T: 856.761.3400
F: 856.761.1020

*Attorneys for Defendants*